EDWARD G. SCHLOSS CA Bar No. 102858
LIOR KATZ CA Bar No. 284559
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
Tel: (310) 733-4488 Fax: (310) 836-4888
B24614/lk

Attorneys for Secured Creditor
BAYVIEW LOAN SERVICING, LLC, servicing agent
for The Bank of New York Mellon fka The Bank of
New York As Trustee for the Certificateholders CWMBS, Inc.
CHL, Mortgage Pass-Through Trust 2005-HYB 10 Mortgage
Pass-Through Certificates, Series 2005-HYB 10

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bk. No. 2:14-bk-10349-ER |
| | ) |
| JACQUELINE DESIREE LANDAETA ALVAREZ, | ) Chapter 11 |
| | ) |
| | ) DECLARATION OF EDWARD G. |
| Debtor. | ) SCHLOSS IN SUPPORT OF |
| | ) OPPOSITION TO DEBTOR'S MOTION |
| | ) FOR ORDER DETERMINING VALUE |
| | ) OF COLLATERAL [11 U.S.C. §506(a), |
| | ) FRBP 3012] |
| | ) |
| | ) Hearing- |
| | ) Date:  December 10, 2014 |
| | ) Time: 10:00 a.m. |
| | ) Place: United States Bankruptcy Court |
| | )            255 E. Temple Street, 15th Floor |
| | )            Courtroom 1568 |
| | )            Los Angeles, CA 90012 |
| | ) |
| | ) Honorable Ernest M. Robles |

I, EDWARD G. SCHLOSS, declare and state as follows:

1. I am an attorney at law, licensed to practice before all of the Courts of the State of California.  The following facts to which I hereby declare are of my own

1

personal knowledge, and if called to testify as to the truth and veracity thereof, I could, and would, testify competently thereto.

2.  I am the attorney of record for BAYVIEW LOAN SERVICING, servicing agent for The Bank of New York Mellon fka The Bank of New York As Trustee for the Certificateholders CWMBS, Inc. CHL, Mortgage Pass-Through Trust 2005-HYB 10 Mortgage Pass-Through Certificates, Series 2005-HYB 10 ("Secured Creditor" herein), the holder of the first deed of trust secured by the subject real property located at **10580 Horse Creek Avenue, Shadow Hills, CA 91040** ("subject property" herein).

3. On November 13, 2014, Debtor filed his Motion for Order Determining Value of Collateral [11 U.S.C. §506(a), FRBP 3012] as docket item no. 22 ("Motion to Value"). The Motion to Value attempts to value the subject property at *only* **$600,000.00** based on an appraisal obtained by the Debtor. The hearing on the Motion to Value is scheduled for December 10, 2014.

4. Following the filing of the Motion to Value on November 13, 2014, Secured Creditor attempted to arrange for an *exterior* and *interior* appraisal of the subject property, because it did not want to present this Court with an *exterior* only appraisal. My associate, Lior Katz, contacted Debtor's counsel's office by email on November 14, 2014 to inquire as to who could allow access to the property to Secured Creditor's appraisal (**Exhibit "1"**). The same day, on November 14, 2014, Debtor's counsel, Roksana Moradi informed Mr. Katz that she should be contacted to arrange for an appraisal of the subject property (**Exhibit "2"**).

5. I was informed by Secured Creditor that on November 21, 2014, Secured Creditor's agent attempted to reach Debtor's counsel, Roksana Moradi, but was

unsuccessful in doing so. Secured Creditor's agent left a message for Ms. Moradi to set up the *exterior* and *interior* appraisal of the subject property.

6. On November 25, 2014, Mr. Katz sent an email (**Exhibit "3"**) to Ms. Moradi indicating to Ms. Moradi that Secured Creditor's appraiser has been unable to arrange for an appraisal of the subject property. A couple of hours later, Ms. Moradi sent an email (**Exhibit "4"**) to Mr. Katz, indicating that she had been contacted by two (2) different appraisers from Bayview, but that the "newer" appraiser will be conducting the appraisal. Ms. Moradi also indicated that she has provided the appraiser's name to the Debtor, and that she will follow up with the Debtor. To date, I am informed that Secured Creditor's appraiser has been unable to arrange for an *exterior* and *interior* appraisal of the subject property.

7. My experiences in working with Debtor's counsel have been cordial and professional. My client needs some accommodation from their client so that an *interior* inspection can be arranged for a new appraisal. This is a reasonable request and one that the Debtor should honor.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of November 2014 at Los Angeles, CA.

                                              /s/ Edward G. Schloss
                                              EDWARD G. SCHLOSS

Z:\DECLARATION\LA11BLS.Alvarez.Schloss.OPP.MTV.wpd